**IIN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26-cr-30112-DWD** |
| | ) | |
| **JEREMY D. MOSBY,** | ) | |
| **TIMOTHY PEOPLES, and** | ) | |
| **KIMBERLY P FULTON,** | ) | |
| | | |
| **Defendants.** | | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

This matter comes before the Court on the United States' motion for a Protective Order (Doc. 31), pursuant to Federal Rule of Criminal Procedure 16(d)(1). The Court, having examined the Government's motion, and being fully advised in the premises, finds good cause for the requested protective order and concludes that the Motion should be **GRANTED**.

It is **ORDERED, ADJUDGED AND DECREED**.

a. This Order applies to any investigative reports, documents, recordings, transcripts, criminal histories, personal identifying information, emails, grand jury, or other materials provided by the United States (hereinafter, "discovery materials");

b. A Protective Order is entered directing defense counsel to maintain exclusive custody and control of all discovery materials. Counsel is prohibited from permitting anyone to copy or disseminate the content of

the discovery materials to anyone, including the Defendants, unless otherwise provided in this Order. This includes copying, photographing, preparing summaries, emailing, or otherwise disseminating the content of the discovery material through alternative means. Counsel shall be free to review the discovery with his/her client.

c. The discovery materials may be disclosed to co-counsel, office personnel, consultants, or expert witnesses, for the sole purpose of assisting Defendant in preparing, trying, or appealing this matter. Counsel may attach pertinent reports as exhibits provided they are redacted and filed under seal. Only as much of the materials as may be useful for such purpose may be disclosed.

d. The defense attorney, and any person to whom counsel discloses the content of discovery materials as permitted by this Order, must be shown a copy of this Order and be informed that such material is confidential and must be treated as such. Any person receiving discovery materials in accordance with this Order shall not make any disclosure of the discovery materials, or their contents, absent further order of this Court;

e. All discovery materials, and any copies thereof disclosed to third parties, shall be returned to defense counsel at the earlier of: (a) the end of this case and any appeals; (b) such time as it is no longer necessary for the person to possess such material;

f. At the end of this case and any appeals, defense counsel shall certify in writing to attorneys for the United States that they have maintained control over the discovery materials in accordance with this Order. At that time, defense counsel shall either destroy all discovery materials or return them to attorneys for the United States. If defense counsel elects to destroy discovery materials rather than return it to the attorneys for the United States, counsel shall certify in writing to the attorneys for the United States that such material has been destroyed.

**SO ORDERED.**

DATED: October 8, 2026

DAVID W. DUGAN
United States District Judge